UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL B. WOLF, | : CIVIL ACTION NO. 3:CV-16-0824 |
| Plaintiff | : (Judge Nealon) |
| v. | : |
| Superintendent WINGARD, et al., | : |
| Defendants | : |

**MEMORANDUM**

I. **Background**

Paul B. Wolf ("Wolf"), an inmate presently confined in the State Correctional Institution, Somerset, Pennsylvania, filed this pro se civil rights action pursuant to 42 U.S.C. §1983. Plaintiff complains of being illegally incarcerated. Named as Defendants are Judges Trebilcock and Kelly, York County Court of Common Pleas Judges; Katherine Smith, York County District Attorney; Richard J. Robinson, Defense Attorney; Jared C. Auman, Hanover Borough Police Officer; Trevor Wingard, SCI-Somerset Superintendent; the Hanover Police Department; the Pennsylvania Attorney General; and the County of York. Subsequent to the filing of his complaint, Wolf submitted an application to proceed in forma pauperis under 28 U.S.C. § 1915.

The Prison Litigation Reform Act (the "Act"), Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to dismiss an action brought by a prisoner under 28 U.S.C. § 1915 if the complaint is frivolous.[1] Moreover, 28 U.S.C. § 1915A requires a district court to screen any complaint brought by a prisoner who seeks relief from a government employee for purposes of determining whether, inter alia, the complaint fails to present a viable cause of action. This initial screening is to be done as soon as practicable and need not await service of process. 28 U.S.C. § 1915A(a). The Court has conducted an initial screening of Plaintiff's complaint, and for the reasons set forth below, Plaintiff's motion to proceed in forma pauperis will be granted for the sole purpose of filing the instant

---

1. Section 1915(e)(2) of Title 28 of the United States Code provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

2

action, and the Plaintiff's complaint will be dismissed as frivolous.

## II. **Factual Allegations**

Plaintiff alleges that Defendant, Judge Trebilcock "stepped outside of his Judge duties" when he provided a Commonwealth witness with "his own personal reading glasses during a trial in which he was to remain fair and impartial." (Doc. 1, complaint at 3). Additionally, Judge Trebilcock allegedly "cause[d] the Plaintiff harm by aiding the prosecution" by "offer[ing] to have an officer go to the home of an alleged witness to get her mind altering medication, because she didn't take her medication the morning of the trial and had forgotten, and that she did not feel well." Id.

Plaintiff claims that Defendant, Katherine Smith, "acting outside of the law and rules set forth by the Pennsylvania Rules of Criminal Procedure, admitted under oath and in front of a jury in closing statements, that Richard Robinson, helped her do her job by conceding to the Plaintiff's guilt before the trial ended, clearly shows that he and Katherine Smith were in fact working together to convict the Plaintiff, which denied the Plaintiff of his right to a fair trial and due process of the law." Id. at 4.

Plaintiff further alleges that "officers are noted in the incident report as taking

3

the barrel off the alleged weapon in an attempt to locate a complete possible serial number and destroying any possible further testing, they clearly destroyed evidence and corrupted the integrity of the alleged weapon, which Jared C. Auman later testified at Plaintiff's trial as being in the exact same condition as what it was when it was found." Id. at 5. Plaintiff believes that the York County Court of Common Pleas "is responsible for the actions therein of its officer therein, as well as judges and prosecutors, meaning when the personnel and officers of the court step outside of the law while in the process of dealing out justice do in fact commit unlawful acts to obtain a conviction, then there has been no justice served, and these persons must be dealt with in a proper fashion for the unlawful acts against the Plaintiff." Id. at 6. The Plaintiff has "been trying to repair the damages caused by the Defendants by way of appeals which still continue, and the Plaintiff has to date been in prison years upon years for the acts of the Defendants noted in this civil action." Id.

Thus, the Plaintiff filed the instant action in which he "continues to proclaim his innocence at trial and throughout all of the various stages of appeal and is still in active appeals in an attempt to obtain justice by way of relief." Id. at 7. For relief, Plaintiff seeks compensatory and punitive damages as well as "a permanent

injunction ordering the Defendants to immediately discontinue any and all malicious acts directed to the Plaintiff and to not retaliate against the Plaintiff for filing this civil action suite with is addressing the unlawful acts by the Defendants noted herein." Id.

### III. Discussion

A plaintiff, in order to state a viable § 1983 claim, must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Initially, the Court notes that it appears that three of the Defendants named are individuals that are entitled to absolute immunity. It is a well-established principle of law that judges are absolutely immune from suit for damages for conduct performed in the course of their official duties. Stump v. Sparkman, 435 U.S. 349, 359 (1978); Oatess v. Sobolevitch, 914 F.2d 428, 431 (3d Cir. 1990) (recognizing that a court may dismiss an allegation against a judge based on an exercise of judicial power). Consequently, any claims that Plaintiff may be

5

attempting to raise against Judges Trebilcock and Kelly in this action, would be based on actions taken by these Defendants in their exercise of official duties, they are entitled to absolute immunity from monetary damages.

Moreover, a state prosecuting attorney is absolutely immune from liability for damages under § 1983 for acts such as the initiation of the prosecution and presentation of the state's case which are intimately associated with the judicial phase of the criminal process. Imbler v. Pachtman, 424 U.S. 409, 420 (1976); Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 462 (3d Cir. 1996). Therefore, because the allegations directed at Defendant Smith relate to her conduct during the judicial phase of the prosecution, Plaintiff's claims against Defendant Smith are legally frivolous.

Finally, as privately retained counsel, Defendant Robinson represented and served his client, not the state. Therefore, his actions were not "under color of state law" within the meaning of 42 U.S.C. § 1983. Polk County v. Dodson, 454 U.S. 312 (1981) (public defender is not a state actor for § 1983 purposes); Black v. Bayer, 672 F.2d 309 (3d Cir. 1982), cert. denied 459 U.S. 916 (1982) (privately-retained attorney does not act under color of state law); United States ex rel. Simmons v. Zibilich, 542 F.2d 259 (5th Cir. 1976) (court-appointed volunteer

attorney does not bear § 1983 liability for malpractice-type actions); Harris v. Ward, 418 F. Supp. 660 (S.D.N.Y. 1976). Thus, Defendant Robinson cannot be held liable under 42 U.S.C. § 1983.

With respect to Plaintiff's request for compensation for the denial of a fair trial, it is well-settled that prisoners cannot use § 1983 to challenge the fact or duration of their confinement or to seek immediate or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1973). The United States Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S.477 (1994). "The complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id.

Because there has been no prior adjudication pertaining to Plaintiff's alleged unlawful conviction and sentence, it is appropriate to dismiss the claim for damages

as legally frivolous. Plaintiff cannot, under <u>Heck</u>, maintain a cause of unlawful imprisonment until the basis for that imprisonment is rendered invalid.

Thus, under the circumstances, the Court is confident that service of process is not only unwarranted, but would waste the increasingly scarce judicial resources that § 1915(d) is designed to preserve. See <u>Roman v. Jeffes</u>, 904 F.2d 192, 195 n. 3 (3d Cir. 1990). A separate Order will be issued.

Dated: June 6, 2016              /s/ William J. Nealon
                                                   **United States District Judge**